IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

DWAYNE SMITH
Defendant

vs.                                    Case No. 00-6077-CR-Zloch

UNITED STATES OF AMERICA
Plaintiff,

_____/

## MOTION FOR DETENTION CREDIT
## UNDER 18 U.S.C.S.§ 3585(b)

Comes Now the Defendant Dwayne Smith, in pro-se interposing Haines-vs-Kerner, 404 U.S.519,30 L.Ed.2d.652,92 S.Ct.594(per curiam)(1972),Wright-vs-Newsome, 759 F.2d.964(11th cir.1986):Boag-vs-McDougall,454 U.S.364,70 L.Ed.2d.551 (1982)also see Terran-vs-Town of Nassua,11 F.3d.(2nd cir.1996). The aforementioned case ruling are consistend with the ruling made in the Eleventh Circuit Court of Appeals controlling case of Kilog-vs-Ricks, 893 F.2d.189(11th cir.1992),which held that the District Court should not erect un-necessary procedural barries,which a pro-se litigant will have dif-ficultly surmising unless the court is willing to guide the pro-se litigant,or allow him to skip some of the less substant abstacles.

-1-

## Statement of Facts

Smith, contends that under 18.U.S.C.S.§ 3585(b),which give a defendant convicted of a federal crime the right to receive credit for time spent official detention before the defendant's sentence begins,as a result of the offense for which the sentence was imposed,or as a result of any other charge for which the defendant was arrested after the Commission of the offense for which the sentence was imposed,that has not been credited against another sentence-the approiate credit is to be computed by The United States Attorney General after a defendant has begun to serve his or her sentence,rather than by a Federal District Court at the time of sentencing,even though former 18 U.S.C.S. § 3585(b),which recordifies former § 3568,is written in the passive voice and does not mention the Attorney General,because(1)Congress,by using in § 3585(b),the verbs "was imposed"and " has spent" in the past and present perfect tenses,has indicated that computation must occur after a defendant begins his or her sentence;(2)Given that Federal defendants do not always begin to serve their sentences begin to serve their sentence immediately,a District Court could only speculate about the amount of time spent in Presentence detention by such defendants; (3) the phrase " has not been credited" confirms this interpretation for if a defendant is being separately sentenced by a federal and a State Court,the credit should not arbitrarily depend on the timing or order of the sentencing by two courts;(4) since § 3585(b) provides a right to a credit which a District Court cannot determine at the time of sentencing,The Attorney General has no choice but to make the determination,for (a) 18 U.S.C.S.§ 3621(a),gives the Attor-

ney General, through the Bureau of Prisons, the respmibility of adminsering sentences, and (b) the Bureau in order to fulfill this duty, must know how much of a sentence that defendant has left to serve:(5) Congress, conversion of active phrasing in former § 3568, into passive phrasing in § 3585(b), is a rather slim ground for presuming an intention to change the Bureau's well-established procedures for determining the credit, where (a) the Bureau has developed detailed procedures and guidelines, (b) Federal regulations (28 CFR §§ 542.10-542-16) have afforded prisoners administrative review of computations, and (c) prisoners have been able to seek judicial review of computations after exhausting administrative remedies;(6) the presumption that Congress contemplated a change by amending the statute is overcome by the conclusions that (a) a Disrtict Court cannot perform the necessary calculations at the time of sentencing, and (b) The Attorney General, in implementing a sentence, cannot avoid computing the credit; and (7) this interpretation does not render the revision which produced § 3585 (b) meaningless, as § 3585(b) still alters former § 3568, in at least three ways, by (a) replacing the term "custody" with the term "official detention", (b) making it clear that a defendant cannot receive a double credit for detention time, and (c) enlarging the class of defendants eligible to recevie credit, through including not only (i) as under the former § 3568, credit, for time spent in custody in connection with the offense for which sentence was imposed, but also (ii) credit for time spent in official detention in connection with.

This case The Attorney General-acting htrough the Bureau of Prisons initially possesses the exclusive authority to compute sentence credit awards after sentencing.See.<u>Dawson-vs-Scott</u>,50 F.3d.884(11th cir.1995)

Rodriguez-vs-Lamer, 60 F.3d.745(11th cir.1995). Therefore,an inmate must typically exhaust his or her administrative remedies with the Bureau of Prisons before seeking judicial relief.Id. A State Prisoner,has no Federal Constitutional Right to credit for time served prior to the sentence absent a State Statute granting such credit.See.Palmer-vs-Dugger,833 F.2d.253(11th cir.1987).However, an exception to the General rule may be claimed by a Criminal defendant who is confined before sentencing because his indigency prevents him from making bond.Id. Thus,a Prisoner is entitled to credit for pre-sentencing incarceration if three conditions are present:(1) the prisoner is held for a bailable offense;(2),the prisoner is unable to make bail because of indigence;(3)upon conviction,the prisoner is sentenced to the statutory maximum sentence for that offense Id.

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

DWAYNE SMITH
Defendant,

Case No. 00-6077-CR-Zloch

vs.

UNITED STATES OF AMERICA
   Plaintiff,
_____/

   I Hereby certify, that a true and correct copy of the foregoing has been sent by U.S. Mail this day _1_ of April 2002.

Clerk of The Court
Federal Courthouse Square
301 North Miami Avenue
Miami, Florida 33128-7788

Respectfully submitted

_____
Dwayne Smith pro, se Apache-A
Reg No: 55311-004
Federal Correctional Inst.
P.O. Box 7007
Marianna, Fl. 32447-7007

| | |
|---|---|
| **Offense:** | Possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1), a class C felony. |
| **Penalty:** | 0 to 10 years imprisonment, $250,000 fine and a $100 special assessment |
| **Arrest Date:** | May 18, 2000: Broward County Sheriff's Office<br>May 19, 2000: Transferred to federal custody |
| **Release Status:** | The defendant has remained incarcerated pursuant to a pretrial detention order. |
| **Detainers:** | Broward County Sheriff's Office/Case No. 00-000676MM40A |
| **Codefendants:** | None |
| **Related Cases:** | None |

**Date Available for Disclosure:**          **Date Report Revised:**
September 7, 2000

## Identifying Data

| | |
|---|---|
| **Date of Birth:** | July 3, 1963 |
| **Age:** | 37 |
| **Race:** | Black/non-Hispanic |
| **Sex:** | Male |
| **S.S. #:** | 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 |
| **FBI #:** | 75390FA1 |
| **USM #:** | 55311-004 |
| **Other ID #:** | Florida SID#: 02269906<br>Florida Department of Corrections#: L28715 |
| **Education:** | Ninth grade |
| **Dependents:** | Four children |
| **Citizenship:** | United States |