IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DWAYNE SMITH
Defendant

vs.                                Case No: 00-6077-CR-Zloch

UNITED STATES OF AMERICA
Plaintiff
_____/

I Hereby Certify, under the law [ 28 U.S.C.1746(2)] the foregoing is true and a true copy has been sent by U.S.Mail Post pre-paid to the following address below:

Excuted this <u>15th day of July 2002</u>.

Clerk of Court                          Respectfully submitted
United States Courthouse
299 East Broward Boulevard              _____
Fort Lauderdale,Fl.33301                Dwayne Smith pro-se
                                        Reg No.55311-004
                                        Federal Correctional Inst.
                                        P.O.Box 7007
                                        Marianna,Fl.32447-7007

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DWAYNE SMITH
Defendant

vs.                                Case No: 00-6077-CR-Zloch

UNITED STATES OF AMERICA
Plaintiff
_____/

## MOTION FOR DETENTION CREDIT
## UNDER 18 USCS § 3585(b)

Comes Now The Defendant **Dwayne Smith**, in pro-se interposing Haines-vs-Kerner, 404 U.S.519, 30 L.Ed.2d.652, 92 S.Ct.594( per curiam ) (1972), Wright-vs-Kerner, 759 F.2d.964(11th cir.1986), Boag-vs-McDougall 454 U.S.364, 70 L.Ed.2d.551(1982), also see Terran-vs-Town of Nassua 11 F.2d.(2nd cir.1996). The aforementioned case ruling are consistend with the ruling made in The Eleventh Circuit Court of Appeals controlling case of Kilo-vs-Ricks, 893 F.2d.189(11th cir.1992), which held that the District Court should not erect unnecess procedural barries, which a pro-se litigant will have diffictily surmising unless the court is willing to guide the pro-se litigant or allow him to skip some of the less substant abstacles.

### Statement

Smith," contend that under 18 U.S.C.S § 3585(b), which give a defendant convicted of a federal crime the right to receive credit for

## Conclusion

The Petitioner contend that he is entitled to the Sentencing Provisions confirm the interpretation that credit under § 3585(b), for time spent in " official detention" is available only to those defendant's who were detained in a penal or correctional facility and were subject to the control of the Bureau of Prisons the context of § 3585(b) strongly suggest that the period of presentence detention must be equivalent to the imprisonment itself. Section 3585(a), and related sentencing provisions confirm the view that § 3585(b),is available only to those defendants who were detained in a penal or correctional facility and subject to (BOP's) control. The context and history of § 3585(b) also support this reading in support of his case United States-vs-Wilson,503 U.S.329,177 L.Ed.2d.593,112 S.Ct. 1351(1992),Reno-vs-Koray,515 U.S.50,132 L.Ed.2d.46 115 L.Ed 2d.46, 115 S.Ct.2021 (1995).

The Petitioner contend that he should receive credit from the time he was in detention from May of 2000 to Sept 2000,he was in Federal Custody which mean official detention.

time spent in Official detention before the defendant's sentence begins, as a result of the offense for which the sentence was imposed or as a result of any other charge for which the defendant was arrested after the Commission of the offense for which the sentence was imposed, that has not been credited against another sentence the appropriate credit is to be computed by the United States Attorney General after a defendant has begun to serve his or her sentence, rather than by a Federal District Court at the time of sentencing, even though former 18 U.S.C.S. § 3568, expressly required the Attorney General to award the credit, while § 3585(b), which recodifies former § 3568, is written in the passive voice and does not mention the Attorney General, because (1) Congress, by using in § 3585(b), the verbs " was imposed" and " had spent" in the past and present perfect tenses, has indicated that computation must occur after a defendant begins his or her sentence; (2) given that Federal defendant do not always begin to serve their sentences begin to serve their sentences immediately, a District Court could only speculate about the amount of time spent in Pre-sentence detention by such defendants; (3) the phrase" has not been credited" confirms this interpretation, for, if a defendant is being separately sentenced by a federal and a State Court, the credit should not arbitrarily depend on the timing or order of the sentencing by two courts; (4) since § 3585(b) provides a right to a credit which a District Court cannot determine at the time of sentencing, the Attorney General has no choice but to make the determination, for (a) U.S.C.S. § 3621(a), gives the Attorney General, through the Bureau of Prisons, the responsibility of administering sentences, and (b) the Bureau, in order to fulfill this duty, must know how much of a sentence that a defendant has left to serve; (5) Congress' conversion of active phrasing in for-

mer's 3568 into passive phrasing in § 3585(b) is a rather slim ground for presuming an intention to change the Bureau's well-established procedures for determining the credit, where(a) the Bureau has developed detailed procedures and guildeines,(b) Federal regulations(28 CFR §§ 542.10-542.16) have affored prisoners administrative review of computations,and(c)prisoners have been able to seek judicial review of computations after exhausting administrative remedies;(6)the presumption that Congress contemplated a change by amending the statute is overcome by the conclusions that(a) a District Court cannot perform the neccessary calculations at the time of sentencing,and (b) The Attorney General,in implementing a sentence,cannot avoid computing the credit; and(7) this interpretation does not render the revision which produced § 3585(b),meaningless,as § 3585(b) still alters formers § 3568,in at least three ways,by (a) replacing the term "custody"with the term " Official detention", (b) making it clear that a defendant cannot receive a double credit for detention time,and (c)enlarging the class of defendants eligible to receive credit,through including not only(i)as under the former § 3568,credit for time spent in custody in connection with the offense for which sentence was imposed,but also (ii) credit for time spent in Official,detention in connection with this case. The Attorney General-acting through the Bureau of Prisons initially possesses the exclusive authority to compute sentence credit awards after sentencing.See.<u>Dawson-vs-Scott</u>, 50 F.3d.884(11th cir. 1995);<u>Rogriguez-vs-Lamer,</u> 60 F.3d.745(11th cir.1995).Therefore,an inmate must typically exhaust his or her administrative remedies with the Bureau of Prisons before seeking judicial relief.Id. A State prisoner has no Federal Constitutional right to credit for time served prior to the sentence absent a State statute granting such credit.See.

<u>Palmer-vs-Dugger</u>, 833 F.2d.253(11th cir.1987).However,an exception to the General rule may be claimed by a criminal defendant who is confined before sentencing because his indigency prevent him from making bond.Id. Thus,a Prisoner is entitled to credit for pre-sentencing incarceration if three conditions are present(1) the prisoner is held for a bailable offense;(2)the prioner is unable to make bail because of indigence;and (3)upon conviction,the prisoner is sentenced to the statutory maximum sentence for that offense.Id.